**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SHERMAN WALKER,

                               Plaintiff,

       v.                                         No. 08-CV-406
                                                      (FJS/DRH)
JOHN J. DONELLI; L. JUBERT, DSS;
E. JOCK; D. HOLFORD; and S. LECLAIR,

                               Defendants.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

SHERMAN WALKER
Plaintiff Pro Se
92-A-7141
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953

HON. ANDREW M. CUOMO               ADRIENNE J. KERWIN, ESQ.
Attorney General for the                   Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Sherman Walker ("Walker"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

U.S.C. § 1983 alleging that defendants, five DOCS employees, violated his constitutional

rights under the Eighth and Fourteenth Amendments.  Compl. (Docket No. 1).  Presently

_____

    [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Docket No. 14.  Walker opposes the motion.  Docket No. 19.  For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

On February 13, 1992, Walker was sentenced in New York County Supreme Court to two consecutive terms of imprisonment.  Compl. ¶ 11.  The first term of 12 ½ to 25 years was for first degree robbery and the second term of 7 to 14 years was for second degree robbery.  Id. ¶ 11.  Walker was sentenced two weeks later in Queens County Supreme Court to another term of 7 to 14 years for second degree robbery to run consecutively to the New York County sentence.  Id.  Walker was received into DOCS custody on August 26, 1992.  Id.  ¶ 14.  At that time, Walker contends that defendants improperly utilized a 1995 statute rather than the prior 1983 statute to calculate his sentence, resulting in a longer period of imprisonment.  Id.

In May 2007, Walker was apprised of this error by a law library clerk.  Id.  ¶ 20.  On June 19, 2007, Walker contacted defendant Jock, requesting that an investigation be conducted into the alleged miscalculation of Walker's sentence.  Id.  On June 21, 2007, Walker received a response from Jock stating that the Central Office had reviewed Walker's sentence and determined that it was properly calculated.  Id.  ¶ 21; Docket No. 19 at 18.  On July 11, 2007, Walker filed an extensive grievance concerning his sentencing calculations.  Id.  ¶ 23.  On July 17, 2007, Walker received a response advising that his sentence was properly calculated and that he was not eligible for any reductions in his

2

sentence.  Docket No. 19 at 20.  Walker appealed.  Docket No. 19 at 27.  This action followed.

## II.  Discussion

Walker alleges that his Eighth Amendment rights were violated when defendants subjected him to cruel and unusual punishment by miscalculating his sentence which effectively extended the time before he could be could be considered for parole. Additionally, Walker claims that his Fourteenth Amendment right to due process was violated by the alleged miscalculation.  Defendants move for summary judgment on the grounds that (1) the Eleventh Amendment bars all claims against defendants in their official capacities, (2) Walker's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994, (3) there is no merit to Walker's Eighth and Fourteenth Amendment claims, (4) Walker has failed to establish defendants' personal involvement, and (5) defendants are entitled to qualified immunity.

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief.  See Hishon v.

3

King & Spalding, 467 U.S. 69, 73 (1984).

When, as here, a party seeks dismissal or summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.


### B. Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)).  Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment.  Halderman, 465 U.S. at 100.  Section 1983 claims do not abrogate the Eleventh Amendment immunity of

4

the states.  See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).

A suit against a state official in his or her official capacity is a suit against the entity that employs the official.  Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988)(citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)). "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself," rendering the latter suit for money damages barred even though asserted against the individual officer. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Here, defendants are named in both their individual and official capacities.  See Compl. at ¶ 19.  Walker seeks monetary damages against defendants in their official capacity for acts occurring within the scope of their duties with DOCS.  Id.  Thus, the Eleventh Amendment bar applies and serves to prohibit Walker's claim for monetary damages against defendants in their official capacities.

Accordingly, it is recommended that defendants' motion on this ground be granted.


### C. Failure to State a Claim

An action commenced pursuant to § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government.  42 U.S.C. § 1983.  Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right.  See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1, 19 (1981).

### 1. Eighth Amendment

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment."  U.S. CONST. amend. VIII.  Incarceration beyond a prisoner's release date may be cruel and unusual punishment if due to deliberate indifference to his or her liberty interest.  Calhoun v. New York State Div. of Parole, 999 F.2d 647, 654 (2d Cir. 1993).

> To establish § 1983 liability in this context, a plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

Fletcher v. Goord, No.07-CV-707 (GLS/GHL), 2008 WL 4426763, at *12 (N.D.N.Y. Sept. 25, 2008) (citing Calhoun, 999 F.2d at 654) (additional citations omitted).

In this case, Walker has pleaded sufficient facts to establish that defendants may have had knowledge of the alleged miscalculation of his sentence.  However, Walker has failed to proffer any facts which would constitute even negligence, let alone the deliberate indifference, to the miscalculation he must allege.  See Pizzuto v. County of Nassau, 239 F. Supp. 2d 301, 310 (E.D.N.Y. 2003) ("To establish deliberate indifference under the Eighth Amendment, a plaintiff must show something more than mere negligence; but proof of intent is not required, for the deliberate-indifference standard is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.") (internal quotations and citations omitted).  Walker sent Jock a letter explaining the alleged miscalculation and Jock responded two days later with a memorandum stating

6

that both the Central Office and Jock agreed that Walker's sentence had been correctly calculated and Walker did not qualify for any downward departures.  Compl. ¶¶ 20-21; Docket No. 19 at 18.  Additionally, when Walker filed a grievance, he received a denial in less than a week.  Compl. ¶ 23, Docket No. 19 at 20.  This prompt communication and investigation into Walker's claims belies any conclusory allegation that defendants were deliberately indifferent to Walker's complaint.  Additionally, other than Walker's conclusory allegations that the law clerk told him that his sentence was incorrectly determined, no further substantiation of that assertion has been alleged.

Accordingly, defendants' motion on this ground should be granted.


## 2. Fourteenth Amendment

### I. Due Process

Walker contends that defendants miscalculated his sentence and subjected him to unnecessary additional confinement.  Defendants assert that Walker has failed to state a claim.

As a threshold matter, an inmate asserting a violation of his or her right to due process must establish the existence of a protected interest in life, liberty, or property. See Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001).  Additionally,

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would render
> a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order,
> declared invalid . . .  or called into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a
> conviction or sentence that has not been so invalidated is not cognizable under §
> 1983.

7

Heck, 512 U.S. at 486-87.  Any district court judgment on a § 1983 claim which, if rendered in the plaintiff's favor, would imply the invalidity of a conviction or sentence runs afoul of this rule.  Id. at 487.  Thus, because Walker challenges the validity of his sentence but has not shown that the sentence has been reversed, declared invalid, or impugned by the grant of a writ of habeas corpus, the complaint on this ground must be dismissed.[2]

However, to the extent that Walker is claiming that defendants failed to provide adequate process for addressing inmate complaints about the calculation of their sentences, and as a result of the inadequate procedures he was held past his release date, a determination need be made as to what process was due Walker.  The Supreme Court has stated that:

> [T]he specific dictates of due process generally require consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

See, e.g., Matthews v. Eldridge, 424 U.S. 319, 335 (1976).  In cases concerning solely the mathematical calculation of sentences, written procedures have been deemed sufficient in providing inmates with due process.  See Toney-El v. Franzen, 777 F.2d 1224, 1229 (7th Cir. 1985) ("The purely mathematical nature of these calculations makes written review an adequate opportunity to be heard for purposes of the due process clause. . . .").

---

[2] To the extent that Walker is "challeng[ing] the fact or duration of his confinement and seeks immediate or speedier release," the proper procedural remedy is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, not a claim for damages under § 1983.  Heck, 512 U.S. at 481 (citing Preiser v. Rodriguez, 411 U.S. 475, 485-87 (1973)).

In this case, there was a proper procedure, the Inmate Grievance Program (IGP).[3]

Walker took advantage of said procedure and neither claimed that it was unconstitutional,

defective, nor unavailable to him.  Additionally, as stated <u>supra</u>, there has been no facts

proffered other than conclusory allegations, that the sentencing calculation was incorrect

and, therefore, a deprivation of a liberty interest.[4]

Accordingly, defendants' motion to dismiss on this ground should be granted.


## D. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity.  Qualified immunity

generally protects governmental officials from civil liability "insofar as their conduct does not

violate clearly established statutory or constitutional rights of which a reasonable person

would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Aiken v. Nixon</u>, 236 F.

Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), <u>aff'd</u>, 80 Fed.Appx. 146 (2d Cir. Nov.

---

[3]"he IGP is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response, and (3) appeal to the CORC [Central Office Review Committee] ... within four working days of receipt of the superintendent's written response." <u>Abney v. McGinnis</u>, 380 F.3d 663, 668 (2d Cir.2004) (internal citations omitted).

[4]Even in a case where there was a sentencing computation error, such errors "occurr[ing] in . . . rare or isolated cases[s], . . . do[] not matter because procedural due process rules are shaped by the risk of error inherent in the truthfinding process as applied to the generality of cases, not the rare exceptions." <u>Toney-El</u>, 777 F.2d at 1229 (internal quotations and citations omitted); <u>but</u> <u>see</u> <u>Haygood v. Younger</u>, 769 F.2d 1350, 1358 (9th Cir. 1985) (holding that when a prisoner's custodial period is going to be extended, "through established interpretations of the regulations for setting release dates," a prisoner need be given an opportunity to be heard).  While the <u>Haygood</u> case may give some support to the argument that Walker was not provided appropriate due process, his case is distinguishable by the fact that his custodial period was never extended after his arrival in DOCS custody.

10, 2003).  However, even if the constitutional privileges "are clearly established, a government actor may still be shielded by qualified immunity if it was objectively reasonable for the . . . official to believe that his [or her] acts did not violate those rights."  Smith v. City of Albany, No. 03-CV-1157, 2006 WL 839525, at *16 (N.D.N.Y. Mar. 27, 2006) (quoting Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Magnotti v. Kuntz, 918 F.2d 364, 367 (2d Cir. 1990) (internal citations omitted)).

A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights, of which a reasonable person would have known, were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230.  Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Walker's allegations as true, he has not shown that any of defendants violated his constitutional rights.

Accordingly, it is recommended in the alternative that defendants' motion on this ground be granted.[5]

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 14) be **GRANTED** and the complaint be **DISMISSED** as to all claims

---

[5] Defendants' motion argues their lack of personal involvement.  See Defs. Mem. of Law (Docket No. 14-2) at 3-5.  However, given the disposition recommended herein, this ground need not be addressed

and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  November 21, 2008
       Albany, New York

_____
United States Magistrate Judge

11